

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 2 6 2019

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# UNITED STATES DISTRICT COURT
for the
## NORTHERN DISTRICT OF GEORGIA
## ATLANT DIVISION

| | | |
|---|---|---|
| TANDRA G. TEMPLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | Case No.  1:19-CV-3867-SCJ |
| | § | |
| BRENDA C. TEMPLE, | § | |
| WRPV XII PEACHTREE BATTLE, L.L.C., | § | 42 U.S.C. § 1983 |
| WATERTON ASSOCIATES, L.L.C., | § | DUE PROCESS CLAUSE |
| WATERTON  RESIDENTIAL | § | BREACH OF CONTRACT |
| d/b/a Peachtree Apts., | § | VIOLATIONS OF THE GEORGIA |
| WATERTON RESIDENTIAL, L.L.C., | § | TORT CLAIMS ACT |
| WATERTON PROPERTY MANAGEMENT | § | |
| OF DELAWARE, L.L.C., | § | |
| DAVID SCHWARTZ, Chairman and CEO | § | |
| of Waterton Associates, L.L.C., | § | **DEMAND FOR JURY TRIAL** |
| PETER VILIM, Vice-Chairman of Waterton | § | |
| Associates, L.L.C., | § | |
| VALENCIA EDWARDS, Manager of 2460 | § | |
| Peachtree at Peachtree Battle and as an | § | |
| Individual, | § | |
| DAVID SCHARFENBERG, V.P. Regional | § | |
| Operations at Waterton, | § | |
| HONORABLE JOHN De FOOR, Fulton County | § | |
| Magistrate Court Judge, | § | |
| PHILLIP BARNES, Esq., | § | |
| FOWLER, HEIN, CHEATWOOD & | § | |
| WILLIAMS, PA, | § | |
| HONORABLE ROBERT C. I. McBURNEY, | § | |
| In his official capacity as Chief Judge, | § | |
| Administrator and Policymaker of | § | |
| Fulton County Superior Court, | § | |
| HONORABLE CYNTHIA D. WRIGHT, | § | |
| In her official capacity as Former Chief | § | |
| Judge, Administrator and Policymaker of | § | |
| Fulton County Superior Court, | § | |
| HONORABLE GAIL S. TUSAN, | § | |
| In her official capacity as Former Chief | § | |
| Judge, Administrator and Policymaker of | § | |

1

Fulton County Superior Court,                           §
HONORABLE CASSANDRA KIRK,                               §
    In her official capacity as Chief Magistrate,   §
    Administrator and Policymaker                   §
    of Fulton County Magistrate Court,              §
HONORABLE BENSONETTA TIPTON-LANE,                       §
    In her official capacity as former Chief        §
    Judge, Administrator, and Policymaker of        §
    Fulton County Superior Family Division          §
MARSHALL H. HAAS,                                       §
TODD A. ORSTON                                          §
KENNETH SCHATTEN,                                       §
LANCE GOWENS,                                           §
GOWENS LAW FIRM,                                        §
    Defendants.                                     §
                                    §

## **PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff, Tandra G. Temple, files this first amended complaint seeking redress of grievances through Section 1983 for a pervasive pattern of illegal and unconstitutional misconduct and practices within Fulton County Superior and Municipal Court judicial system, that amounts to a systemic problem which evinces municipal liability. These acts were committed by multiple judicial officers and their associates under the color of Georgia State law. Title 42 U. S. C. § 1983 was drafted for the sole purpose of deterring state actors, such as those Defendants named in the instant suit, from using their badge of authority to deprive individuals of federally guaranteed rights and to provide an avenue of relief to victims if such deterrence failed. *Carey* v. *Piphus,* 435 U. S. 247, 254-257 (1978). Defendants named herein perpetrated multiple deprivations of the Plaintiff's rights secured under the Constitution and laws of the United States of America which include, but are not limited to, deprivation of due process, malicious prosecution of the Plaintiff, and many other violations.

## **PARTIES TO THIS COMPLAINT**

1.      Plaintiff Tandra G. Temple ("Plaintiff" or "Temple") is a 60-year-old woman who currently lives at 2460 Peachtree Road, NW, Apt. #1703, Atlanta, GA, 30305 in Peachtree at Peachtree Battle Apartments ("2460 Peachtree"). Since 2016, Temple and her sister, Defendant, Brenda C. Temple, formerly lived as roommates at 2460 Peachtree since 2016.

2.      Defendant, Brenda C. Temple ("BTemple"), is Temple's older sister. BTemple has moved to 6535 Trenton Pl., Charlotte, NC, 28226.

3.      WRPV Peachtree Battle Atlanta, LLC ("WRPV") is listed on the Fulton County tax records website as the owner of the apartment building located at 2460 Peachtree Road, NW, Atlanta, GA, 30305. WRPV Peachtree Battle Atlanta, LLC has a Certificate of Authority to do business in the state of Georgia, but do not have a City of Atlanta business license.

4.      Waterton Associates, L.L.C. ("Waterton Assoc.") is an apartment and hotel management company and investment company, owned and operated by its founders, David Schwartz and Peter Vilim. Waterton Associates, LLC is listed on the Illinois Secretary of State website as an active limited liability company. Waterton Associates, LLC primary office is located at 30 S. Wacker Drive, Suite 3600, Chicago, IL, 60606. Waterton Associates, LLC is not listed as an active or inactive Foreign Liability Company with the Georgia Secretary of State.

5.      Waterton and Associates, Inc. is listed on Georgia's Secretary of State website, but it has no affiliation with either Waterton Associates, LLC or WRPV XII Peachtree Battle Atlanta, LLC. However, Waterton and Associates, Inc. is listed in the Fulton County personal tax records as the Lessors of the building located at 2460 Peachtree Road, NW, Atlanta, GA, 30305. W&A also states it is doing business as Waterton Residential. To make this even more confusing, the mailing address for W&A is P.O. Box 56607, Atlanta, GA, 30343.   Address for service is unknown.

6.      Waterton Residential d/b/a 2460 Peachtree Apts. ("Waterton Residential") is listed as the Plaintiff on a Fulton County Magistrate Court Notice of Dispossessory, with the address 2460 Peachtree Road, NW, Atlanta, GA, 30305. Waterton Residential is not an active domestic or foreign company listed on the Georgia Secretary of State website, nor does it have a Certificate of Authority to do business in Georgia..

7.      Waterton Property Management of Delaware, L.L.C. ("WPM Delaware") is listed on the Peachtree Battle at Peachtree Battle Apartment website, www.2460peachtree.com.

8.      David Schwartz ("Defendant") is the Co-Founder, CEO and Chairman of Waterton Asso., LLC. His office is located at 30 S. Wacker Dr., Suite 3600, Chicago, IL, 60606. Defendant Schwartz is being sued under 42 U.S.C. § 1983 in violation of Temple's right to procedural due process. At all times relevant to the claims asserted in this action, the Defendant's conduct was the proximate cause of the violations against the Plaintiff's federally protected rights, as more particularized herein.

9.      Peter Vilim ("Defendant") is the Co-Founder and Vice-Chairman of Waterton Associates, LLC. His office is located at 30 S. Wacker Dr., Suite 3600, Chicago, IL, 60606. His office is located at 30 S. Wacker Dr., Suite 3600, Chicago, IL, 60606. Defendant Vilim is being sued under 42 U.S.C. § 1983 in violation of Temple's right to procedural due process. At all times relevant to the claims asserted in this action, the Defendant's conduct was the proximate cause of the violations against the Plaintiff's federally protected rights, as more particularized herein.

10.      Valencia Edwards ("Edwards") is the property manager at 2460 Peachtree. Temple is suing her as an agent for the landlord and as an individual. Her address is 2460 Peachtree Road, NW, Atlanta, GA, 30305.

11.     David Scharfenberg ("Scharfenberg") is Vice-President Regional Operations over Eastern United States for Waterton. Address is unknow.

12.     Fulton County Magistrate Court Judge, Honorable John De Foor ("Defendant"), is named as a defendant under 42 U.S.C. § 1983 in violation of Temple's right to procedural due process. His office address is 185 Central Ave., SW, T-8755, Atlanta, GA, 30303.

13.     Phillip C. Barnes, Esq. ("Defendant") is an attorney with Fowler, Hein, Cheatwood & Williams, PA. Barnes represented Waterton Residential d/b/a 2460 Peachtree Apts. in the Dispossessory proceedings. Defendant Barnes is an officer of the court and he is being sued under 42 U.S.C. § 1983 in violation of Temple's right to procedural due process. Barnes' address is Fowler Hein Cheatwood & Williams PA, 2970 Clairmont Road, Suite 220, Atlanta, GA, 30329. At all times relevant to the claims asserted in this action, the Defendant's conduct was the proximate cause of the violations against the Plaintiff's federally protected rights, as more particularized herein.

14.     Fowler, Hein, Cheatwood & Williams, PA ("Fowler, PA") is named as respondent superior for Phillip Barnes, under 42 U.S.C. § 1983 in violation of Temple's right to procedural due process. However, the firm is not listed on the Georgia Secretary as an active corporation.

15.     Honorable Robert C. I. McBurney, ("Defendant") is the current Chief Judge of Fulton County Superior Court. Defendant McBurney is being sued under 42 U.S.C. § 1983, in his official capacity as an administrator and policymaker for Fulton County Superior Court. Judge Robert C. I. McBurney, at all times relevant to the claims asserted in this action, is Chief Judge of the Fulton County Superior Court, Georgia, charged with the judicial, ministerial, executive, administrative and policymaking responsibilities bestowed upon a judicial officer employed with the State of Georgia.   At all times relevant to the claims asserted in this action, Defendant

McBurney acted under the color of law and is being sued in his official capacity as the final policy maker for instant Monell suit against Fulton County. At all times relevant to the claims asserted in this action, the Defendant's conduct was the proximate cause of the violations against the Plaintiff's federally protected rights, as more particularized herein.

16.    Former Chief Judge Cynthia Wright ("Defendant"), at all times relevant to the claims asserted in this action, was, during all dates specified, the Chief Judge of the Superior Court of Fulton County, Georgia charged with the judicial, ministerial, executive, and administrative responsibilities bestowed upon a judicial officer employed with the State of Georgia.  At all times relevant to the claims asserted in this action, Defendant Wright acted under the color of law and is being sued as a final policymaker for Fulton County Family Division Court and Chief Judge of the Fulton County Superior Court in her official capacity.  At all times relevant to the claims asserted in this action, the Defendant's conduct was the proximate cause of the violations against the Plaintiff's federally protected rights, as more particularized herein.

17.    Honorable Gail S. Tusan ("Defendant") is a Former Chief Judge of Fulton County Superior Court. She is being sued under 42 U.S.C. § 1983, in her capacity as a former administrator and final policymaker for Fulton County Superior Court. Judge Gail S. Tusan, at all times relevant to the claims asserted in this action, was either a Family Court Judge in the Superior Court of Fulton County, Georgia or Chief Judge of the Fulton County Superior Court, Georgia, charged with the judicial, ministerial, executive, administrative and responsibilities bestowed upon a judicial officer employed with the State of Georgia.  At all times relevant to the claims asserted in this action, Defendant Tusan acted under the color of law and is being sued in her official capacity as the final policy maker for instant Monell suit against Fulton County. At all times relevant to the

claims asserted in this action, the Defendant's conduct was the proximate cause of the violations against the Plaintiff's federally protected rights, as more particularized herein.

18.     Honorable Cassandra Kirk, ("Defendant") is a Chief Magistrate of Fulton County Superior Court. She is being sued under 42 U.S.C. § 1983, in her capacity as a former administrator and final policymaker for Fulton County Superior Court. Judge Gail S. Tusan, at all times relevant to the claims asserted in this action, was either a Family Court Judge in the Superior Court of Fulton County, Georgia or Chief Judge of the Fulton County Superior Court, Georgia, charged with the judicial, ministerial, executive, administrative and responsibilities bestowed upon a judicial officer employed with the State of Georgia.  At all times relevant to the claims asserted in this action, Defendant Tusan acted under the color of law and is being sued in her official capacity as the final policy maker for instant Monell suit against Fulton County. At all times relevant to the claims asserted in this action, the Defendant's conduct was the proximate cause of the violations against the Plaintiff's federally protected rights, as more particularized herein.

19.     Honorable Bensonetta Tipton Lane ("Defendant") is a Former Chief Judge of Fulton County Superior Court Family Division. She is being sued under 42 U.S.C. § 1983, in her official capacity as a former administrator and policymaker for Fulton County Superior Court Family Division. Judge Lane, at all times relevant to the claims asserted in this action, was either a Family Court Judge or Chief Judge of the Superior Court of Fulton County Family Division in Georgia, charged with the judicial, ministerial, executive, and administrative policy making responsibilities and policymaking bestowed upon a judicial officer employed with the State of Georgia.  At all times relevant to the claims asserted in this action, Defendant Lane acted under the color of law and is being sued for damages in her capacity as an administrator and policymaker official capacity as the final policy maker for instant Monell suit against Fulton County.. At all

times relevant to the claims asserted in this action, the Defendant's conduct was the proximate cause of the violations against the Plaintiff's federally protected rights, as more particularized herein.

20.    Marshall H. Haas ("Haas") is the Plaintiff's former husband. He is being sued under 42 U.S.C. § 1983, for bribing a Judge Bensonetta Tipton Lane.

21.    Todd A. Orston is Marshall H. Haas' ("Orston") former attorney in Haas' and Temple's divorce. He is being sued under 42 U.S.C. § 1983 for facilitating the Fulton County Superior Court's unconstitutional custom of depriving persons of their constitutional rights.

22.    Kenneth H. Schatten, Esq. ("Schatten") is one of Temple's attorneys during her divorce proceedings. He is an officer of the Court and he is being sued under 42 U.S.C. § 1983 for facilitating the Fulton County Superior Court's unconstitutional custom of depriving persons of their constitutional rights.

23.    Lance Witherspoon Gowens, Esq. ("Gowens") is one of Temple's attorneys during her divorce proceedings. Gowens is being sued under 42 U.S.C. § 1983 for facilitating the Fulton County Superior Court's unconstitutional custom of depriving persons of their constitutional rights.

24.    Gowens Law Firm, LLC ("Gowens Firm") is one of Temple's attorneys during her divorce proceedings. Gowens is being sued under 42 U.S.C. § 1983 for facilitating the Fulton County Superior Court's unconstitutional custom of depriving persons of their constitutional rights.

## BASIS FOR JURISDICTION AND VENUE

25.    This Court has subject matter jurisdiction over federal claims pursuant to the constitutional provisions enumerated and 28 U.S.C. § 1331 and § 1343 (3) and (4), as they are

brought to redress deprivations of rights, privileges, and immunities secured by the US Constitution and the considerable damages sought from those deprivations exceed $75,000 dollars.

26.     In addition, this Court has supplemental jurisdiction over the state law claims included herein pursuant to 28 U.S.C. § 1367.

27.     Venue is proper in the Atlanta Division of the Northern District of Georgia, under 28 U.S.C. § 1391(b), in that the Defendant is located in this state and district, and the acts and/or omissions giving rise to Plaintiff's claim occurred in this district.

## INTRODUCTION

28.     During the Honorable Brett Kavanaugh's Senate confirmation hearings, he stated, "No one is above the law." However, judicial immunity creates a loophole for those judges who are not honorable. When a county institutes an unconstitutional custom allowing judges to deny litigants their constitutional right to a fair and unbiased tribunal, judicial immunity has been taken to a whole new level of deceit and victimization of citizens who once believed in our judicial system.

29.     There is a pervasive pattern of illegal and unconstitutional misconduct and practices within Fulton County Superior and Municipal Court judicial system, that amounts to a systemic problem which evinces municipal liability.  Plaintiff alleges, judicial policymakers' deliberate inaction is the moving force causing the deprivation of federal rights. Plaintiff will prove that Fulton County judges, through its judicial policymakers' deliberate inaction, consistently violate litigants' constitutional rights under color of law.

30.     Prior to entering the doors of the Fulton County Justice Tower, Plaintiff believed in the judicial system. She believed judges were fair, impartial, and upheld the laws of the state

and U.S. Constitution. Since April 2007, Plaintiff's naivete, and belief in the judicial system, have vanished.

31.    Because of several Fulton County judicial officers' deliberate violations of Plaintiff, and her son's constitutional rights, she is indigent.

32.    Indigent/pro se litigants are frowned upon throughout the legal community and judicial system. As the Honorable Richard A. Posner, a pro se advocate, told the Chicago Daily Law Bulletin, "I was not getting along with the other judges because I was (and am) very concerned about how the court treats pro se litigants, who I believe deserve a better shake." Patricia Manson, *Posner Says Friction on 7th Circuit Bench Led to His Retirement*, Chicago Daily Law Bulletin, September        6,        2017,        at        2:22        P.M., https://www.chicagolawbulletin.com/archives/2017/09/06/posner-bench-friction-9-6-17.

33.    Because Plaintiff is indigent, she cannot afford an attorney; therefore, she has no choice but file this complaint, pro se. Ms. Temple asks this Court to respect her as a pro se litigant and to afford her the opportunity to litigate this complaint. Ms. Temple is professional and will respect the Court's time during adjudication of the case at bar.

34.    This Complaint is not simply about Plaintiff's eviction case in Fulton County Magistrate Court. It's about Plaintiff *and* many other litigants, who have fallen victims of an unwritten unconstitutional custom of violating citizens' right to due process in the Fulton County judicial system. Fulton County, as a municipality and through its policymakers, have created and maintained an unwritten unconstitutional custom of denying procedural due process, and subjecting litigants to the harm that the Constitution protects.

35.    Plaintiff has spent the last six years collecting names, evidence, newspaper articles, internet articles plus interviewed litigants whose lives have been destroyed by an unconstitutional

unwritten custom of failure of due process within Fulton County Superior and Magistrate Courts, allowing unscrupulous judges in Fulton County Superior and Magistrate Court violate litigants constitutionally protected rights.

36.     For years, Fulton County court administrators and policymakers have knowingly allowed these unconstitutional deprivations of litigants' right to due process permeate throughout the county's judicial system.  In Plaintiff's case alone, four (4) Fulton County judges have abused Plaintiff's right to both procedural and substantive due process.

37.     "The Court in *Monell* paved the way for municipal liability under section 1983 by holding that municipalities are indeed persons." Hellige, Eric M. (1978) "Monell v. Department of Social Services: One Step Forward and a Half Step Back for Municipal Liability under Section 1983," *Hofstra Law Review*: Vol. 7: Iss. 4, Article 5.

38.     "Subsequent to the ratification of the fourteenth amendment in 1868, Congress and the judiciary embarked on a century-long endeavor to transform the amendment into an instrument of protection for those injured by unconstitutional actions." *Id.* at page 3.

39.     Plaintiff is asking this Court to continue that "endeavor to transform the amendment into an instrument of protection for those injured by unconstitutional actions." *Id.*

40.     "In the Atlanta Judicial Circuit the chief judge of the superior court 'shall have power to make such rules as he shall deem necessary or proper . . . not in conflict with the general laws of this State, which rules, when entered on the minutes of said court, shall be binding upon the other judges of said circuit.' Ga. L. 1963, pp. 646, 647. The phrase `but not in conflict with the general laws of this State' obviously distinguishes the administrative rule-making power of the individual courts from the general rules of practice and procedure of the superior courts fixed by law." *Fulton County v. Woodside,* 222 Ga. 90, 99 ( 149 S.E.2d 140). "By general law the judge

11

may, in his discretion, require the clerk to make a calendar of all cases pending in court. *Code* § 24-3343. The rules of the court are the law of the court, until repealed, unless they are repugnant to the Constitution and statutes of the State." *Chapman v. Gray,* 8 Ga. 337 (3). "Rules of practice and procedure are not technicalities, but, on the contrary, are fundamentally important to the administration of justice by the courts." *Tyndale v. Mfrs. Supply Co.,* 209 Ga. 564 (2) ( 74 S.E.2d 857)." *Barber v. Canal Insurance Company*, 119 Ga. App. 738 (Ga. Ct. App. 1969).

41.     "*Monell* also explicitly and implicitly embraces a municipal liability remedy that encompasses all forms of relief. The Court expressly stated that '[l]ocal governing bodies [] can be sued directly under § 1983 for monetary, declaratory, or injunctive relief.'" Cover, Avidan Y., "Revisionist Municipal Liability" (2018). *Faculty Publications*. 2016., https://scholarlycommons.law.case.edu/faculty_publications/2016.

## STATEMENT OF FACT

42.     Plaintiff was a very successful real estate agent from 1987 through 2007. She was an agent with Harry Norman Realtors in the Buckhead office, formerly located at 77 West Paces Ferry Road, Atlanta, Georgia. Plaintiff is well educated; has a strong work ethic; and has always prided herself in her successes as a business woman and as an older mother.

43.     During her years as a real estate agent, Temple's income was consistently well into six figures. She owned her own home, traveled, drove a nice car, all that comes with a successful business.

44.     She won numerous real estate awards and had several accreditations.

45.      In 1999, she married Defendant Haas. The couple had one son, GH.

46.     Plaintiff sold her home on Hillside Drive in Atlanta and bought a home on Blackland Drive so Defendant's two children could move in with them.

47.     She had no idea what she was getting herself into.

48.     Defendant Haas' sons and Defendant were physically, mentally and emotionally abusive toward Plaintiff. One son raised a hammer to her head and told her he would beat her f…. brains out, the other son carried a bat around the house threatening to beat her. Defendant Haas did nothing to protect her, instead, he was even more abusive toward her.

49.     After several trips to the ER, Plaintiff finally filed for divorce in 2007, believing that would end the abuse; she couldn't have been more wrong.

50.     Initially, her presiding judge was the Honorable Melvin Westmoreland, who was an excellent Fulton County Superior Court Judge. Judge Westmoreland was fair, unbiased and treated Plaintiff with respect. Even when he ruled against her, he explained the reasoning and the law behind his decisions.

51.     Her divorce proceeding began during the Fulton County Family Court Pilot Project. During the Pilot Project, judges rotated in and out of family court every 2-3 years. As Defendant Wright stated in an interview with Sheil Edlin, "It's always good to have fresh eyes on a case." Judge Westmoreland rotated out of family court and Defendant Lane rotated in.

I.    **Proceedings Before Defendant Lane**

52.     Defendant Lane is being sued in her former official capacity as Chief Judge of Fulton County Superior Court Family Division, as an administrator and policymaker for Family Court, not as a judge.

53.     Plaintiff has tried to limit the number of Defendant Lane's violations of Plaintiff's due process. There are so many, that this pleading would be hundreds of pages.

54.     Going into her divorce, Plaintiff's assets included half ownership in the Greater Jacksonville Apartment Guide ("JAG"), 1.5-million-dollar home, several hundred thousand in artwork, furnishings, jewelry and other accoutrement.

55.     Plaintiff filed her Petition for Divorce on April 27, 2007 in Fulton County, case file number 2007CV133371. A number she will never forget. A copy of the Petition is attached hereto as Exhibit "1" and incorporated herein by reference.

56.     Right after Plaintiff filed for the divorce, along with the standing order, the couple sold the JAG, increasing the couple's wealth substantially.

57.     The JAG sold for 3.5 million, after paying the other family shareholders, the net was around two million five hundred thousand dollars ($2,500,000.00) in cash. Copies of Letters of Intent are attached hereto as Exhibit "2" and incorporated herein by reference.

58.     Two million two hundred thousand dollars and some change ($2,200,000.00) went into an account managed by the parties' CPA, George Hillegass ("Hillegass'"), who is not a party to the instant case. Defendants Haas, Defendant Orston and Hillegass, conspired and convert one million dollars ($1,000,000.00) directly into a separate bank account in Defendant Haas' name. A copy of a check written by Hillegass in August 2007 is attached hereto as Exhibit "3" and incorporated herein by reference.

59.     An additional five hundred thousand dollars ($500,000.00) went into an account held and managed by Defendant Orston. A copy of the wire transfer is attached hereto as Exhibit "4" and incorporated herein by reference.

60.     On May 8, 2007, Steve Land, Plaintiff's attorney sent a letter to Hillegass putting him on notice that there was a standing order, requesting the funds be escrowed. A copy of the letter is attached hereto as Exhibit "5" and incorporated herein by reference.

61.     All drafts were to be agreed upon by both, Defendant Haas and Plaintiff, prior to *any distributions* from the accounts.

62.     However, Defendant Haas, Defendant Orston, Defendant Schatten, Defendant Gowens and Hillegass used the accounts as their own little slush fund.

63.     Unbeknownst to Plaintiff, Defendant Haas took one million dollars ($1,000,000.00) without Temple's knowledge.

64.     Plaintiff hired Defendant Schatten as her attorney. Plaintiff did not know that Defendant Schatten was concurrently in his own divorce proceedings before Defendant Lane.

65.     Plaintiff found out that Schatten was ordered into drug rehab by Defendant Lane, while he was representing Plaintiff. Plaintiff requested Schatten to recuse Defendant Lane; however, he would not.

66.     Because Defendant Haas, Defendant Orston and Hillegass had control of the money, they would not release funds for Plaintiff to hire a new attorney.

67.     Defendant Lane did not report Defendant to the BAR, nor did she voluntarily recuse herself. Instead, she forced Plaintiff to be represented by a drug addict.

68.     On August 21, 2008, Plaintiff forced Defendant Schatten to file a Motion for funds from the sale of the business be escrowed. However, the motion was filed on another case between the parties that had been closed. A copy of the filing is attached hereto as Exhibit "6" and incorporated herein by reference.

69.     Defendant Haas filed an answer to the motion. A copy of the answer is attached hereto as Exhibit "7" and incorporated herein by reference.

70.     Defendant Haas then filed a motion to release funds out of a Suntrust bank account that Plaintiff froze in Florida. Plaintiff does not have a copy of the motion to attach to this amended complaint.

71.     Defendant Lane, or course, set a hearing for November 20, 2008. The only motion the Court chose to hear was Defendant Haas' motion to release funds from the Suntrust account to pay his legal fees in Florida. Plaintiff's motion to escrow the funds was never heard. A copy of the Order Setting Hearing is attached as Exhibit "8" and incorporated herein by reference.

72.     Defendant Orston prepared an order on the motion to escrow the funds, but it was never filed with the Court. Plaintiff's motion to escrow the funds from the sale of the business has never been adjudicated. A copy of the proposed order is attached hereto as Exhibit "9" and incorporated herein by reference.

73.     Defendant Haas demanded a Guardian Ad Litem. The Court appointed Jon Rottenberg, Esq. Mr. Rottenberg strongly recommended Plaintiff to have sole custody. The parties negotiated a child custody agreement. Plaintiff agreed to joint custody (Defendant Schatten's recommendation) but she had all rights to decisions for her minor son.

74.     On August 10, 2009, Defendant Orston fraudulently signed Plantiff's signature on a Temporary Order for Child Support, giving Plaintiff $227.50, which Defendant only paid one year of child support from 2009 to 2013, when the divorce was finalized. A copy of the fraudulent Temporary Order is attached as Exhibit "10" and incorporated herein.

75.     On February 9, 2009, Defendant Orston's paralegal emailed Hillegass and asks about where all the money went. Mind you, Plaintiff *never authorized payments* except to Ida Wooldridge he loaned us money to buy stock in the JAG from other family members. Defendant Orston's paralegal states, "Various payments were made out of the account related to Wooldridge

note payable, accounting fees, plus *numerous transfers to Todd Orston.*" (emphasis added.) A copy of the email is attached hereto as Exhibit "11" and incorporated herein by reference.

76.     In 2010, the Fulton County Superior Court Family Division was adopted as a permanent court. Defendant Wright was the Chief Judge during this time. A copy of an article from the Atlanta Journal-Constitutional is attached hereto as Exhibit "12" and incorporated herein by reference.

77.     In the 2012 Annual Report to the Community for the Superior Court of Fulton County, Defendant Wright, as the Chief Judge states in paragraph three of the attached page, "Fulton Superior Court is committed to operational transparency. The public deserves to know what its Court does, how efficiently it manages its resources, and the work product of any particular judge." A copy of the page form Chief Judge Cynthia Wright is attached hereto as Exhibit "13" and incorporated herein by reference.

78.     Also from the same Annual Report, there is a list of the Family Division at that time. Judge Gail S. Tusan, Judge Bensonetta Tipton Lane, Judge John J. Goger and Judge Tom Campbell. In 2015, Plaintiff sued Defendants Haas, Orston, Schatten, and Gowens, and Hillegass for conversion of her son's $70,000.00 that they stole from a minor child. A copy of the page from the Annual Report is attached hereto as Exhibit "14" and incorporated herein by reference.

79.     In June 2013, Defendant Tusan became the Deputy Chief Judge, for the Superior Court of Fulton County. In the article Defendant Tusan states, "My overall objective in accepting this appointment is simple and transparent: to help make access to justice a reality for all Fulton County's citizens , to contribute in any way I can to assure that our judicial system is efficient, *fair, respectful of and responsive to the collective needs of all end-users, community partners and stakeholders, and to use my experience and perspective to help my colleagues to strategize and*

*implement best court practices for the largest trial court system in the state of Georgia.*" (emphasis added.) Defendant Tusan is being sued in her former official capacity as Chief Judge, administrator and policymaker for Fulton County Superior Court. A copy of an article from the Fulton County website is attached hereto as Exhibit "15" and incorporated herein by reference.

80.    In 2013, articles about Defendant Lane's improprieties made the news. A copy of 2 articles are attached hereto as Exhibit "16" and incorporated herein by reference.

81.    On April 26, 2016, Plaintiff filed an extensive motion to disqualify Defendant Lane. In Plaintiff's motion, there are a number of affidavits from other women whose divorce proceedings are riddled with violations of procedural and substantive due process. Several women were incarcerated.  These affidavits confirm that this is not just about Plaintiff's case, but numerous citizen's cases with countless violations of due process that the Chief Judges either condone or simply turned their heads and did nothing. As A copy of the motion and affidavit are hereto attached as Exhibit "17" and incorporated herein by reference.

82.    On August 5, 2016, Plaintiff filed her Motion to Set Aside and Vacate Final Order of Divorce. It has *never been adjudicated.* A violation of due process. A copy of the set aside is attached hereto as Exhibit "18" and incorporated herein by reference.

83.    When Defendant Lane retired, Judge Belinda Edwards stepped in. Plaintiff has requested a hearing on hear motion to set aside, three times in person. Each time, Judge Edwards, administrator tells Plaintiff they will get back to her. They have never responded.

84.    Not only did Defendant Lane force Plaintiff into bankruptcy, she forced Plaintiff to be indigent, took her son away from her and gave him to an unfit parent. Plaintiff's son is 19 years old and has an 8th grade education because his father is incompetent and lazy. Plaintiff asserts

Defendant Lane is responsible for hurting Plaintiff's child. Defendant Lane committed child abuse. And the court's try to say its all about the children.

## II.   <u>Proceedings before Judge Tom Campbell</u>

85.   On February 12, 2015, when Plaintiff found out Defendant Haas had depleted Plaintiff's son's trust account, she sued numerous parties that were involved in stealing from a minor child. A copy of the Fulton Superior Court docket is attached hereto as Exhibit "19" and incorporated herein by reference.

86.   Since filing her lawsuit in early 2015, with 10 Defendants in the suit, Plaintiff has had one (1) hearing on July 17, 2018. That speaks for itself. Plaintiff has been denied due process for over four (4) years. A copy of the Rule Nisi is attached hereto as Exhibit "20" and incorporated herein by reference.

87.   Plaintiff has had to appeal two of Judge Campbell's egregious rulings. In fact, one of the appeals set president. Judge Campbell filed an order prior to receiving the remittitur from the Court of Appeals. A copy of the order is attached hereto as Exhibit "21" and incorporated herein by reference.

88.   On July 6, 2018, Plaintiff filed her motion to recuse Judge Tom Campbell for all of his violations of Plaintiff's due process, including an ex parte communication from his staff attorney, Carol Willingham to an opposing counsel A copy of the motions and affidavit with exhibits is attached hereto as Exhibit "22", "23", "24" and incorporated herein by reference.

89.   Plaintiff has provided a copy of the transcript from the hearing as Exhibit "25" and incorporated herein by reference.

90.     Defendant Haas never answered the complaint. Plaintiff requested hearings and order for default numerous times. Finally, on July 10, 2019, a day after Plaintiff filed her recusal, an order for a default was entered into the case.

### III.     Breach of Contract

91.     In 2008, Temple and her sister, Defendant, BTemple, purchased a farm in Waynesville, NC. Temple and BTemple purchased the property for $695,000.00. The purchase of the farm is the genesis of the complaint Breach of Contract and violations of the Georgia Tort Claims Act.

92.     When BTemple and Temple purchased the farm in November 2008, the parties agreed to split 50/50 *all* costs associated with the farm which included, but not limited to, the note, taxes, utilities, maintenance and repairs, any and all costs etc. BTemple moved to the farm from Atlanta in January 2009.

93.     However, in August 2009, BTemple breached her contract with Temple and stopped paying her half of all the expenses. She moved back to 2460 Peachtree in August 2009.

94.     Through no fault of her own, Temple has been forced into poverty; lost custody of her son; *and* lost her reputation, both as a person and as a business woman. Through the acts and/ or omissions of BTemple, Temple's former life has been destroyed.  Temple has suffered financial, personal, medical and mental injuries, emanating from Defendants' deliberate acts and omissions, as part of a conspiratorial scheme to defraud Ms. Temple of money, property and benefits of monetary value.

95.     In 2016, Temple moved in with her sister at 2460 Peachtree. They have been roommates since January 2016. BTemple agreed to pay all of Temple's expenses.

96.     In April 2019, Temple and BTemple agreed that BTemple would pay all of Temple's expenses for one more year beginning June 1, 2019 through the end of the lease. BTemple signed the lease in April to take advantage of a discount to sign the lease early.

97.     Temple agreed to a forbearance on BTemple's debt of one million two hundred fifty thousand dollars ($1,250,000.00) to Temple for the loss of the farm, personal property and the 5 business when the farm went into foreclosure. If BTemple performed on this contract, Temple would forgive the debt. However, should BTemple breach the contract, BTemple would pay the 1.25 million she owed her sister.

98.     On May 31, 2019 BTemple breached her contract with Temple.

99.     BTemple and Edwards, the property manager, colluded to illegally evict Temple from her apartment.

100.    Self-help eviction is illegal in the state of Georgia. However, on May 31, 2019, BTemple and Edwards, conspired and successfully conducted a willful, wanton, malicious, wrongful constructive eviction on Temple. The facts of the malicious self-help eviction are set forth below. Temple was harassed, threatened to be incarcerated, humiliated in front of her neighbors, forced to sit in the apartment building lobby in her pajamas plus Edwards and BTemple called the police five (5) times to force Temple off the property.

101.    BTemple never paid July's rent and therefore the Landlord filed an application for dispossessory.

102.    BTemple's intentional, malicious and fraudulent actions or omissions for more than over ten (10) years, is the proximate cause of Plaintiff's loss of over $1,250,000.00 in real property, personal property, including but not limited to, furniture, artwork, jewelry, memorabilia, five (5) businesses and more.

## IV.  **Proceedings Before Judge John De Foor**

103.    Judge John De Foor intentional violated Plaintiff's right to a fair and unbiased tribunal plus, the denial of her right to be heard before an impartial tribunal who violated her right to procedural due process.

104.    At the dispossessory hearing before Judge De Foor on August 6, 2019, in concert with Barnes, Temple was denied, not once, but three times her right to be heard. Temple timely had filed prior to the hearing, her Answer and Counterclaim, Amended Answer and Motion to Dismiss, all of which Judge De Foor denied Temple's right to argue and object to Waterton Residential's fraudulent notice of dispossessory.

105.    When Barnes refused to allow Temple's participation in the mediation, and he became exceedingly hostile toward Temple, she knew her pleadings had merit and the notice should have been dismissed. Barnes and Judge De Foor colluded to deny Temple's inalienable Constitutional right to be heard.

## V.  **Misnomer- Waterton Residential d/b/a 2460 Peachtree Apts**

106.    Waterton Residential has stated it is the Plaintiff in the Application.

107.    Plaintiff alleges Waterton Residential does not exist in any form which will allow it to file a suit in Georgia.

108.    "Furthermore, even if the name in which the plaintiff sued was an assumed or fictious name, this might have been amended at any time prior to judgment on objection made, provided of course the name used did in fact import a legal entity…" *Donald v. Luckie Strike Loans, Inc.*, 148 Ga. App. 318, (251 S.E.2d 168) (1978); *Eslinger v. Herndon*, 158 Ga. 823, 826 (124 S.E. 2d 900) (1924); *Parker v. Kilgo*, 109 Ga. App. 698, 701 (137 S.E.2d 333) (1964).

109.    Temple alleges Waterton Residential could not have been amended at any time prior to judgment because the name used as plaintiff did in fact import a legal entity. Waterton Residential imports the name of some other non-legal entity which in fact is not the true plaintiff.

110.    Plaintiff timely objected to Water Residential being an entity in Georgia in all of her pleadings in the case at bar.

111.    Waterton Residential did not import the name Waterton and Associates, Inc. which is not in fact the legal entity of the true plaintiff but does not even exist as a legal entity in the state of Georgia.

112.    Barnes and Judge De Foor colluded to deny Temple her right to be heard regarding the misnomer and lack of landlord-tenant relationship which she objected to in her pleadings in the case at bar.

113.    "[I]t is clear that failure to object before the judgment or confirmation constitutes a waiver of any defect by way of any defect by way of misnomer. A motion to set aside a judgment will lie only for a nonamendable defect appearing on the face of the record, and to be subject thereto 'it is not sufficient that the complaint or other pleading fail to state a claim upon relief can be granted, but the pleading must affirmatively show that no claim in fact existed.'" Id. (Citations omitted.)

## VI.    Authorization to Do Business in Georgia

114.    "Under Georgia law, '[a] foreign corporation may not transact business in [Georgia] until it obtains a certificate of authority for the Secretary of State. O.C.G.A. § 14-2-1501(a). 'A foreign corporation transacting business in [Georgia] without a certificate of authority may not maintain a proceeding in any court in th[e] state until it obtains a certificate of authority. O.C.G.A. § 14-2-1502(a)."

WHEREFORE Plaintiff request that the Court:

a) Order a judgment in favor of the plaintiff on all of the causes of action in the complaint;

b) Order compensatory damages in favor of Plaintiff;

c) Order general damages in favor of Plaintiff;

d) Order an additional one-hundred ~~10~~ million dollars ($100,000,000.00) *(10,000,000.00)* in punitive damages in favor of Plaintiff;

e) And any other relief that the court deems fair and proper.

Respectfully submitted this 27th day of August 2019.

Tandra G. Temple
2460 Peachtree Road, NW
Apt. #1703
Atlanta, GA  30305
404-450-9052
tanditemple@gmail.com

24

1