IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TANDRA G. TEMPLE,

    Plaintiff,

v.

BRENDA C. TEMPLE, *et al.*,

    Defendants.

CIVIL ACTION FILE
No. 1:19-cv-03867-SCJ

## ORDER

This matter appears before the Court on the First Amended Complaint filed by Plaintiff Tandra G. Temple (hereinafter, "Plaintiff") against Defendants Brenda C. Temple, *et al.* (collectively, "Defendants"). Doc. No. [7].

On August 27, 2019, Plaintiff, proceeding *pro se*, filed a Complaint with an application for leave to proceed *in forma pauperis* ("IFP"). Doc. No. [1].[1]

On August 28, 2019, the Honorable Christopher C. Bly, United States

---

[1] The Court will refer to documents filed in this case using bracketed citations. For example, "Doc. No. [1]" is Plaintiff's application for leave to proceed IFP, which was filed on August 27, 2019. The documents filed in this case are available through the Clerk's Office of the United States District Court for the Northern District of Georgia.

1

Magistrate Judge, granted Plaintiff's request to proceed IFP and submitted Plaintiff's Complaint to the Court for a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2)(B).[2] Doc. No. [2].

On September 13, 2019, the Court granted Plaintiff's Motion for Extension of Time to Prepare and File an Amended Complaint. Doc. No. [6]. Thereafter, Plaintiff filed a First Amended Complaint on September 26, 2019, and that is the subject of this Order.

## I. MOTION FOR PERMISSION TO USE CM/ECF

As an initial matter, Plaintiff has also filed a Request, construed as a Motion, for Permission to Use Case Management/Electronic Case Filing (hereinafter, "CM/ECF"). Doc. No. [8].

Pursuant to the Standing Order articulated in the Local Rules of this Court, however, a *pro se* party does not have access to the Court's CM/ECF system. See LR, NDGa at Appendix H-3 ("Pro se litigants who are not attorneys in good standing admitted to the Bar of this Court must file all documents with

---

[2] Plaintiff subsequently filed an amended application for leave to proceed IFP on September 3, 2019. Doc. No. [4]. As the amended application did not appear to show any material changes to her financial information, Plaintiff's amended application to proceed IFP was denied as moot. See Doc. No. [9], p. 1.

2

the Court in paper form."). Therefore, based on her *pro se* status, Plaintiff cannot be allowed access to the Court's CM/ECF system. Accordingly, Plaintiff's Request, construed as a Motion, for Permission to Use CM/ECF is **DENIED**. Doc. No. [8].

## II.   FRIVOLITY DETERMINATION

### A.   Legal Standard

Turning now to the Court's frivolity review under 28 U.S.C. § 1915(e)(2)(B), a federal court is required to dismiss an IFP complaint at any time if it determines that the complaint: "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The second and third grounds for dismissal require the Court to accept the factual allegations made in the complaint as true. See Jackson v. Capraun, 534 F. App'x 854, 859 (11th Cir. 2013) (evaluating immunity of defendants while accepting allegations in the complaint as true); Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will

apply Rule 12(b)(6) standards in reviewing dismissals under 1915(e)(2)(B)(ii)."). To state a claim on which relief may be granted, it is not enough for the allegations in the complaint to make a claim conceivable; the factual allegations must support a claim that is plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 433, 570 (2007). When analyzing the claims alleged, the Court disregards legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678.

Furthermore, because immunity is an affirmative defense, the immunity of a defendant must be plainly apparent from the face of the complaint in order to warrant dismissal. See Quiller v. Barclays Am./Credit, Inc., 727 F.2d 1067, 1069 (11th Cir. 1984), cert. denied, 476 U.S. 1124 (1986); see also Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) ("Even if the complaint otherwise states a claim and the alleged facts are not fantastic, the defendant's absolute immunity justifies dismissal before service of process.") and Clark v. State of Ga. Pardons & Paroles Bd., 915 F.2d 636, 641 n.2 (11th Cir. 1990) ("the absolute immunity of the defendant would justify the dismissal of a claim as frivolous.").

Moreover, as a *pro se* plaintiff, Plaintiff's pleadings are subject to a different standard of review than those drafted by lawyers. The Supreme Court has held that a document filed *pro se* is "to be liberally construed." Erickson v.

4

Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 49 U.S. 97, 106 (1976)). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences" contained in complaints filed by *pro se* litigants. Montgomery v. Huntington Bank, 346 F.3d 693, 698 (6th Cir. 2006) (quotation and citation omitted). And furthermore, *pro se* plaintiffs are still required to comply with threshold requirements of the Federal Rules of Civil Procedure. See Trawinski v. United Techs., 313 F.3d 1295, 1299 (11th Cir. 2002).

### B.   Discussion

In the First Amended Complaint, Plaintiff states that she is bringing a 42 U.S.C. § 1983 ("§ 1983") action "for a pervasive pattern of illegal and unconstitutional misconduct and practices" within the Fulton County Superior and Magistrate Court judicial systems. Doc. No. [7], p. 2. She also appears to assert a state law breach of contract claim and a claim under the Georgia Tort Claims Act ("GTCA"). Id. at p. 20. Plaintiff further states that this Court has federal question jurisdiction over her § 1983 claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over her state law claims pursuant to 28 U.S.C. § 1367. Plaintiff names several Defendants. See id. at pp. 3–8. The Court now considers the sufficiency of Plaintiff's claims as to each of the named Defendants.

### 1.   *Fulton County Superior and Magistrate Court Judges*

Plaintiff lists several Fulton County Superior and Magistrate Court judges as Defendants in the First Amended Complaint, alleging that they violated her constitutional rights under § 1983. See id. at pp. 5-8. She first names the Honorable John De Foor, in his individual capacity as Magistrate Court Judge for Fulton County,[3] as a Defendant in this action. Id. at p. 5. She specifically alleges that during a dispossessory hearing on August 6, 2019, Judge De Foor "violated [Plaintiff's] right to a fair and unbiased tribunal" by not allowing her to argue and object to the dispossessory notice. Id. at p. 22.

"[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." Weaver v. Geiger, 294 F. App'x 529, 534 (11th Cir. 2008) (citing Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (per curiam) (citation

---

[3] Although Plaintiff has not specified in the First Amended Complaint, the Court assumes that she brings this action against Judge De Foor in his individual capacity, as Plaintiff does *not* state that she is suing him in his official capacity as she does with the other judges. Compare Doc. No. [7], p. 5, ¶12 with id. at p. 5, ¶15.

omitted)). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." Id. Here, Judge De Foor's alleged actions of denying Plaintiff the ability to argue and object to the dispossessory notice constitute normal judicial functions. Further, there are no facts to support a claim that Judge De Foor was acting outside the scope of his office in his dealings with Plaintiff. Therefore, Judge De Foor is entitled to absolute judicial immunity, and the claims against him are due to be dismissed.

Plaintiff also names several other judges in their official capacities as the "final policymakers" for Fulton County: the Honorable Robert McBurney, Chief Superior Court Judge for Fulton County; the Honorable Cynthia Wright, Former Chief Superior Court Judge for Fulton County; the Honorable Gail Tusan, Former Chief Superior Court Judge for Fulton County; the Honorable Cassandra Kirk, Chief Magistrate Court Judge for Fulton County; and the Honorable Bensonetta Tipton Lane, Former Chief Superior Court Judge for Fulton County. Doc. No. [7], pp. 5–8.

"[T]he judicial acts of a judge sitting within a particular county are the exercise of the judicial power of the state and are taken by authority of an office created by the state." Bendiburg v. Dempsey, 692 F. Supp. 1354, 1363 (N.D. Ga. 1988). In other words, "the several courts of the State of Georgia . . . are organs

of the state and [ ] their judicial officers are state officials." Id. Thus, a suit against a state official in his or her official capacity is no different from a suit against the state, which fails because of sovereign immunity under the Eleventh Amendment. See Simmons v. Conger, 86 F.3d 1080, 1085 (11th Cir. 1996). For this reason, state officials sued in their official capacities are not considered "persons" subject to suit for damages under § 1983. See Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989) ("Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (citations omitted). Accordingly, Plaintiff's claims against Judges McBurney, Wright, Tusan, Kirk, and Lane, all in their official capacities, are barred by Eleventh Amendment immunity and are therefore due to be dismissed.

    2. *Plaintiff's Divorce Attorneys*

Additionally, Plaintiff names Kenneth Schatten and Lance Witherspoon Gowens—two of Plaintiff's attorneys during her divorce proceedings—as well as the Gowens Law Firm, LLC as Defendants in the First Amended Complaint, alleging that they violated her constitutional rights under § 1983 by "facilitating

the Fulton County Superior Court's unconstitutional custom of depriving persons of their constitutional rights." Doc. No. [7], p. 8.

"To state a claim for relief under [§ 1983], a plaintiff must allege that a person acting under color of state law deprived [her] of a federal right." McIndoo v. Broward Cty., 750 F. App'x 816, 820 (11th Cir. 2018) (citing Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001)). Yet Defendants Schatten, Gowens, and the Gowens Law Firm, LLC are all *private* parties and, thus, not state actors "acting under color of state law" within the meaning of § 1983. See Polk Cty. v. Dodson, 454 U.S. 312, 318 (1981). While there are rare circumstances in which a private party may be treated as a "state actor" for purposes of § 1983 liability, see Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001), Plaintiff's conclusory allegations that these Defendants "facilitated" Fulton County Superior Court in depriving her of her constitutional rights do not plead conspiracy sufficiently to transform these private parties into state actors.[4] See Harvey v. Harvey, 949 F.2d 1127, 1133

---

[4] The Court further notes that, unlike the specific factual allegations made by Plaintiff against Defendant Schatten, see, e.g., Doc. No. [7], p. 15, ¶65, there is a complete lack of any specific allegations in the First Amended Complaint against either Defendant Gowens or the Gowens Law Firm, LLC.

9

(11th Cir. 1992) ("For purposes of [§ 1983], the plaintiff must plead in detail, through reference to material facts, the relationship or nature of the conspiracy between the state actor(s) and the private persons.") (citing Fullman v. Graddick, 738 F.2d 553, 556–57 (11th Cir. 1984)). Accordingly, the Court finds that Plaintiff fails to state a claim for relief against Defendants Schatten, Gowens, and the Gowens Law Firm, LLC.

### 3. *Defendants Haas and Orston*

Plaintiff also names Marshall Haas and Todd Orston as Defendants in the First Amended Complaint. Doc. No. [7], p. 8. Defendant Haas is Plaintiff's former husband, and Defendant Orston was Defendant Haas's attorney in the divorce proceedings with Plaintiff. Id. Plaintiff specifically alleges that Defendant Haas violated her constitutional rights under § 1983 by bribing Judge Lane; and that Defendant Orston violated her constitutional rights under § 1983 "for facilitating the Fulton County Superior Court's unconstitutional custom of depriving persons of their constitutional rights." Id.

For reasons previously discussed, however, Plaintiff is unable to sue Defendants Haas and Orston—two *private* actors—under § 1983. See Dodson, 454 U.S. at 318. Further, Plaintiff has failed to allege sufficient facts to transform these private parties into state actors within the purview of § 1983.

Accordingly, Plaintiff also fails to state a claim for relief against Defendants Haas and Orston.

### 4. *Waterton Defendants*

Furthermore, in the First Amended Complaint, Plaintiff lists several Defendants associated with the Peachtree Battle Apartments at 2460 Peachtree Road, NW ("2460 Peachtree") and the "Waterton" corporation. Doc. No. [7], pp. 3-5. Plaintiff first names Phillip Barnes—an attorney who represented Waterton Residential d/b/a 2460 Peachtree in the dispossessory proceedings against Plaintiff—and the law firm Fowler, Hein, Cheatwood & Williams, P.A. as Defendants, alleging that they violated Plaintiff's right to procedural due process under § 1983. Id. at p. 5. Once more, however, these Defendants are private parties and, thus, not state actors "acting under color of state law" within the meaning of § 1983. Further, Plaintiff's conclusory allegation that "Barnes and Judge De Foor colluded to deny [her] inalienable Constitutional right to be heard", id. at p. 22, is insufficient to plead conspiracy and transform Barnes into a state actor. Plaintiff therefore fails to state a claim for relief against Defendants Barnes and Fowler, Hein, Cheatwood & Williams, P.A.

Plaintiff also names the following as Defendants in the First Amended Complaint: WRPV Peachtree Battle Atlanta, LLC; Waterton Associates, LLC.;

11

Waterton and Associates, Inc.; Waterton Residential d/b/a 2460 Peachtree; Waterton Property Management of Delaware, LLC; David Schwartz, Co-Founder, CEO and Chairman of Waterton Associates, LLC; Peter Vilim, Co-Founder and Vice-Chairman of Waterton Associates, LLC; and David Scharfenberg, Vice-President of Regional Operation over Eastern United States for Waterton (collectively, "the Waterton Defendants"). Id. at pp. 3–5. The Court, however, is unable to ascertain what claims Plaintiff is asserting against any of these Waterton Defendants. To the extent that Plaintiff is asserting a § 1983 claim against any of the Waterton Defendants, see, e.g., id. at p. 4, ¶¶8–9, she is unable to do so because these Defendants are private parties and, therefore, not state actors. Accordingly, the Court finds that Plaintiff has failed to state a claim for relief against any of the Waterton Defendants.

### 5. *Defendants Temple and Edwards*

Finally, Plaintiff names her sister, Brenda Temple, as well as Valencia Edwards, the property manager at 2460 Peachtree, as Defendants in the First Amended Complaint. Id. at pp. 3–4. Plaintiff appears to assert a breach of contract claim and a claim under the GTCA against Defendants Temple and Edwards. Id. at pp. 20–21. She further contends that this Court has

supplemental jurisdiction over these state law claims pursuant to 28 U.S.C. § 1367(a). Nevertheless, because the Court has already found that Plaintiff has failed to state a claim under § 1983, no federal question remains in this case. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."). Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

### III.   CONCLUSION

Despite naming several parties as Defendants, Plaintiff's First Amended Complaint fails to state any claims upon which relief can be granted. The Court also declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Accordingly, Plaintiff's First Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. Doc. No. [7]. As previously addressed, Plaintiff's Request, construed as a Motion, for Permission to Use CM/ECF is **DENIED**. Doc. No. [8]. The Clerk is hereby **DIRECTED** to **CLOSE THIS CASE**.

In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to file a Second Amended Complaint **no later than Thursday, October 24, 2019**. In the Second Amended Complaint, Plaintiff must correct all the

deficiencies identified in this Order. A failure to do so may result in dismissal of Plaintiff's claims *with* prejudice. See Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). Upon the filing of Plaintiff's Second Amended Complaint, the Clerk is **DIRECTED** to **REOPEN THIS CASE**.[5]

**IT IS SO ORDERED** this 9th day of October, 2019.

*/s/ Steve C. Jones*
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**

---

[5] Upon the filing of Plaintiff's Second Amended Complaint, the Court will conduct a second frivolity review in accordance with the requirements of 28 U.S.C. § 1915.